Strong H. Earll, for the use of Charles G. Patten, Plaintiff in Error, *v.* James Mitchell *et al.*, Defendants in Error.

### ERROR TO STEPHENSON.

The question of fairness in the purchase of bills of exchange, as to whether the transaction was one of fair business, or designed as a cloak for usury, having been left to the jury, under proper instructions, their finding will not be interfered with.

This was an action for money had and received, brought by the plaintiff in error against the defendants in error, to recover back excess of usurious interest over the legal rate, alleged to have been taken by the defendants, of the plaintiff, during the years 1854, 1855 and 1856, and was tried by a jury, before Sheldon, Judge, at December term of Stephenson Circuit Court, A. D. 1858.

The plaintiff declared on the common counts, for money had and received by the defendants to plaintiff's use. Defendants pleaded general issue—payment and set-off.

It appeared that during a period of time extending from the 12th day of January, A. D. 1854, to the 29th day of March, A. D. 1856, Strong H. Earll was engaged in the business of buying and forwarding produce from Freeport, in Stephenson county, to Chicago, and during the same period, at the same place, the defendants were brokers, and were engaged in the

business of loaning money, buying and selling exchange, and receiving deposits. That during the time the plaintiff was engaged in the said business, he obtained all his money accommodations of the defendants in error, the whole amounting during that period, to some three hundred thousand dollars. That these accommodations were obtained by Earll of the defendants, by drawing, at frequent and short intervals, his bills of exchange in favor of the defendants, on one A. R. Williams, of Chicago. That the number of these bills so drawn were some two hundred and sixty, and in amounts ranging from five hundred to two thousand dollars. That a few of the bills were drawn at sight, and the remainder ranging from five to thirty days.

The defendants, at the time the drafts were drawn, placed to the credit of Earll, on their books, and on the pass-book of Earll, the amount of the drafts, less one-fourth of one per cent. on sight drafts; on five day drafts, less one-half per cent.; ten days, three-fourths of one per cent.; fifteen days, one per cent.; twenty days, one and one-half per cent., and thirty days, two per cent.; and that the amount thus placed to his credit was what the defendants gave for the drafts.

The drafts were all taken up, and fully paid to defendants at maturity.

This action was brought to recover the excess over the legal rate of interest, which the defendants in error had received on the payment of said drafts—the plaintiff in error claiming that the transaction was a borrowing and loaning of money, and the defendants claiming,

1st. That they purchased the drafts, and if not a purchase, then,

2nd. That they, by the custom of trade, had a right to charge the excess over and above the legal rate of interest as commission.

When Earll wanted money he would apply to the defendants to see if they could accommodate him. If they could, a draft on A. R. Williams was made out in the office of the defendants, payable to the defendants, and when delivered to them the defendants credited him with the avails of the drafts on their own books, and likewise on the pass-book furnished by the defendants to the plaintiff. The avails of the drafts were the amount placed to Earll's credit on the books. The amount placed to his credit on the drafts was the face of the drafts, less the discount.

The rate of exchange on Chicago, during the period of time covered by these transactions, varied from par to one-half per cent. premium.

Earll, use, etc., *v.* Mitchell et al.

MEACHAM & BAILEY, for Plaintiff in Error.

J. MARSH, and F. C. INGALLS, for Defendants in Error.

CATON, C. J. The question which we shall consider in this case, is whether this was a loan of money or the purchase of bills of exchange. We do not consider it at this time a question open to dispute, that a party may purchase a sight or time bill of exchange on another place, even within the same State, of either the drawer or indorser of the bill, and pay therefor any price, which the parties may agree upon. But such a transaction is always open to inquiry, as to whether the pretended purchase of the bill of exchange was merely colorable and really designed to cover up a usurious loan of money or not. And when such is found to be the case, it is the duty of the courts to strip it of its false coloring and treat it according to its real character, as an usurious transaction. Here the plaintiff claims there was a loaning of money, and a reservation of more than lawful interest, and that the bills of exchange were taken as security for the loans, while the defendants insist, that they purchased the bills of exchange on Chicago in good faith, and that they paid therefor, by passing to the credit of the plaintiff on their books, the face of the bills, less the usual and ordinary exchange on such bills. On its face the transaction was a sale and purchase of the bills, and the proof shows that the rate of exchange charged and discounted, or deducted from the face of the bills, was no more than the usual and ordinary rates for such bills, at the time and place of the transactions. At the trial below, the court admitted all the evidence offered by either party, tending to elucidate the true character of the transaction, and fully instructed the jury as to the difference between a loan of money and a purchase of the bills, and left it to them to determine whether here was an usurious loan of money, covered up by an appearance of a purchase of bills of exchange, or whether it was a *bona fide* purchase of the bills, and the jury found the latter to be the true character of the transaction, and we entirely concur with them in this conclusion; and therefore affirm the judgment without expressing any opinion on the question, whether a party who pays more than the rate of interest allowed to be recovered by the law of 1849, can recover back the excess, in an action for money had and received. The judgment must be affirmed.

*Judgment affirmed.*